**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-17374 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-02726-RCC-DTF-1 |
| v. | |
| KARL MODDERMAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Argued and Submitted July 6, 2015
San Francisco, California

Before: GRABER and WATFORD, Circuit Judges, and FRIEDMAN,[**] District
Judge.

Defendant Karl Modderman challenges the imposition of three special

conditions that apply to his lifetime term of supervised release, which will follow

the 120 months' imprisonment that he is now serving for possession of child

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Paul L. Friedman, United States District Judge for the
District of Columbia, sitting by designation.

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Defendant did not challenge the conditions at his sentencing hearing. Nearly a year later, proceeding pro se, Defendant filed a motion for correction of clerical mistakes pursuant to Federal Rule of Criminal Procedure 36. After the district court denied that motion, this court issued an order construing Defendant's Rule 36 motion as a petition under 28 U.S.C. § 2255, premised on a claim that the specified conditions violate due process.

We vacate this court's September 17, 2013 order construing the Rule 36 motion as a § 2255 petition, vacate the district court's denial of the Rule 36 motion, and remand to the district court for further proceedings. On remand, the district court must inform Defendant of the consequences of recharacterizing his Rule 36 motion as a § 2255 petition and must give him an opportunity to withdraw or amend the motion pursuant to the procedures outlined in Castro v. United States, 540 U.S. 375, 382 (2003). If, after receiving the Castro warnings, Defendant wishes to proceed, the district court must recharacterize the Rule 36 motion as a § 2255 petition.

We express no opinion on the merits of Defendant's challenge or on the question whether that challenge was procedurally defaulted. But we note that, in the Ninth Circuit, a defendant cannot, through a plea agreement, waive the right to

2

challenge a sentence that violates the Constitution. <u>United States v. Watson</u>, 582 F.3d 974, 977 (9th Cir. 2009).

We also note, for the benefit of the district court on remand, that the government has conceded the following either in its briefing to this court or at oral argument: (1) with respect to Special Condition 12, the sentencing court did not explain the need for the extensive curtailment of liberty inherent in a <u>lifetime</u> curfew; (2) with respect to Special Condition 13, it is overbroad to require the wearing of undergarments and appropriate outer clothing "at all times . . . in the home," regardless of the presence of others; and (3) with respect to Special Condition 18, it is not clear which relationships are sufficiently "emotionally close," "romantic," or "intimate" to trigger the disclosure requirement.

**VACATED and REMANDED.**